THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JEREMIAH LEE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:23-cv-00318-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Jeremiah Lee Williams ("Mr. Williams") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Williams's complaint.[2] As shown below, the court lacks subject-matter jurisdiction over this case because Mr. Williams fails to identify a waiver of Defendant the United States of America's ("United States") sovereign immunity. Therefore, the court must dismiss this case without prejudice.

---

[1] ECF No. 8.

[2] ECF No. 6. In analyzing Mr. Williams's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.*, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

## BACKGROUND

Mr. Williams's complaint, which contains very few allegations, names the United States as the sole defendant and asserts three separate claims against the United States under 42 U.S.C. §§ 1983 and 1985. Mr. Williams's first claim is for "[r]acial [d]isermiation [sic]," and, in support of that claim, he alleges that he received "coutless [sic] no's [sic] in job search[,] coutless [sic] housing problems (rent increase[])[,] and more."[3] Mr. Williams's second claim is for "[r]acial neglect," and, in support of that claim, he states: "Harassment for people because of my skin color."[4] Mr. Williams's final claim is for "[r]acial injury," and, in his supporting facts, he states: "Dangerous community environment that is full of (GUNS)."[5] The only injury alleged by Mr. Williams is a leg injury, the result of a "[g]un shoot [sic] to the right [l]eg."[6] Although Mr. Williams is suing the United States, his complaint does not allege that the United States has waived sovereign immunity for his claims.

## ANALYSIS

The court lacks subject-matter jurisdiction over this case because Mr. Williams's complaint fails to identify a waiver of the United States' sovereign immunity. Consequently, the court must dismiss this case without prejudice. The court has an independent obligation to determine whether subject-matter jurisdiction exists in any case.[7] As the plaintiff, Mr. Williams

---

[3] ECF No. 6 at 4.

[4] ECF No. 6 at 4.

[5] ECF No. 6 at 4-5.

[6] ECF No. 6 at 5.

[7] *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject[-]matter jurisdiction is concerned, it has long been recognized that a federal

bears the burden of establishing subject-matter jurisdiction in this case.[8] "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . ."[9] The United States' consent to be sued is a "prerequisite for jurisdiction."[10]

Mr. Williams's complaint names the United States as the sole defendant, yet the complaint does not identify any waiver of the United States' sovereign immunity. Consequently, the court lacks subject-matter jurisdiction over Mr. Williams's claims and, therefore, dismisses this case without prejudice.[11]

## CONCLUSION AND ORDER

Based upon the foregoing, the court HEREBY ORDERS that this case is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED this 14th day of December 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . ."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[8] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[9] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotations and citation omitted).

[10] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[11] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").